**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| LANCE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:22-cv-1217-SHM-tmp |
| ) | |
| v. ) | |
| ) | |
| CHESTER LONG, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT (ECF NO. 1) WITH PREJUDICE; DENYING LEAVE TO AMEND THE COMPLAINT; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; NOTIFYING WHITE OF STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1914(g); AND DISMISSING THE CASE IN ITS ENTIRETY**

On October 5, 2022, Plaintiff Lance White filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 19, 2022 White filed a motion for leave to proceed *in forma pauperis*. (ECF No. 4.) On October 27, 2022, the Court granted White's motion to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5 (the "IFP Order").)

White's complaint alleges defects in criminal proceedings against him in Madison County, Tennessee. (ECF No. 1 at PageID 3-4.) White claims his civil rights were violated in that Judge Roy B. Morgan, Jr. of the Criminal/Circuit Court for Madison County: (1) overruled an earlier finding that White had served his time and was due to be released; and (2) had White detained by the Madison County Jail Administrator instead of releasing White. (*Id.* at PageID 4, 9.) White also claims his public defender knew about the situation. (*Id.* at PageID 4.)

The complaint (ECF No. 1) is before the Court.

White sues: (1) Chester Long, Administrator of the Madison County Jail; (2) Jeremy Epperson, White's public defender; and (3) Judge Morgan. (*Id.* at PageID 2-3.)

White seeks "damages from cause to effect" in an unspecified amount. (*Id.* at PageID 9.)

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE; and (2) leave to amend is DENIED.

I.  **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may
    be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

For purposes of screening his complaint, the Court construes White's claims that his civil rights were violated as alleged under 42 U.S.C. § 1983. (ECF No. 1 at PageID 3, 4, 9, 16.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS OF THE COMPLAINT

### A. Judge Morgan Has Judicial Immunity

White alleges that Judge Morgan ordered White to be detained despite an earlier ruling that White had served his time. (ECF No. 1 at PageID 4.) White attaches Judge Morgan's May 16, 2019 order that suspended the balance of White's sentence. (*Id*. at PageID 6-7 (Order Suspending

Balance of Jail Sentence, *State v. White*, No. 18-931 (Madison County Crim. Ct. May 16, 2019) (the "Suspension Order")).)  The Suspension Order states that the Court has conducted a May 13, 2019 hearing on White's motion to review his sentence, at which the Court determined that:  (1) White had served at least eleven months and twenty-nine days in the local jail; (2) the remainder of White's sentence "shall be suspended as of May 13, 2019"; and (3) White was to be supervised by the Board of Probation and Parole, with conditions including random drug and alcohol screening and completing the program at the Day Reporting Center.  (*Id*. at PageID 7.)

White attaches another order entered by Judge Morgan on May 21, 2019, imposing a six-year sentence, setting conditions for early release, and setting conditions of probation.  (*Id*. at PageID 5 (Judgment, *State v. White*, No. 18-931 (Madison County Crim. Ct. May 21, 2019) (the "Judgment Order")).)  The Judgment Order states:

> Total effective sentence of 6 years at 60% release eligibility status.  To serve 11 months and 29 days at 75% release eligibility status with the balance on State Probation.  However, if after serving 150 days (day-for-day) Defendant is approved for the Daily Reporting Center[1], the Court will consider releasing him.  Driver's license is revoked for 8 years.  DUI Safety School and Ignition Interlock required.

(*Id*.)

White alleges he had already served 11 months and 29 days and should have been released immediately on probation.  (*Id*. at PageID 4.)  The context for White's allegations is more fully described in the Opinion of the Tennessee Court of Criminal Appeals[2], discussing subsequent proceedings in White's criminal case:

---

[1] The Center is referred to as the "Daily Reporting Center" in the Judgment Order (ECF No. 1 at PageID 5) and as the "Day Reporting Center" in the Suspension Order (*Id*. at PageID 7).

[2] The Court reasonably infers that this Opinion is from the appeal that White refers to in his complaint.  (ECF No. 1 & PageID 11 ("I filed an appeal, denied.").)

> On April 15, 2020, the trial court issued a violation of probation warrant. On July 22, 2020, the trial court revoked [White's] probation and ordered that he serve the balance of his six-year sentence in confinement. On September 10, 2020, [White] filed a pro se document titled "Motion to Correct Sentence." In the motion, [White] asserted that based on his pretrial jail credit, he already had served eleven months, twenty-nine days at seventy-five percent release eligibility when he was sentenced on May 6, 2019; therefore, he should have been released on probation that day. [White] also asserted that instead of being released on probation, he remained in jail until May 13 and then was "wrongfully placed in the Day Reporting Center."

*State v. White*, No. W2020-01367-CCA-R3-CD, 2022 WL 557281, at *1 (Tenn. Crim. App. Feb. 24, 2022). Based on White's allegations and the events described in the Opinion of the Court of Criminal Appeals, the Court infers the following sequence of events: (1) White was sentenced on May 6, 2019 (*id.*) and returned to the Madison County Jail (*id.* at *2); (2) White filed a motion to review his sentence (*see* ECF No. 1 at PageID 6); (3) Judge Morgan conducted a hearing on White's motion on May 13, 2019 (*id.*) and released White on probation the same day (*State v. White*, 2022 WL 557281, at *1); (4) Judge Morgan entered the Suspension Order on May 16, 2019, placing White on probation under the supervision of the Board of Probation and Parole (ECF No. 1 at PageID 6-7); (5) Judge Morgan entered the Judgment Order on May 21, 2019, setting White's conditions of release specifically including approval for the Daily Reporting Center (*id.* at PageID 5); and (6) White's probation was revoked on July 22, 2020 (*State v. White*, 2022 WL 557281, at *1).

The plausible inference from White's complaint, with the additional context provided in the Opinion of the Court of Criminal Appeals, is that White alleges Judge Morgan violated White's constitutional right to due process by: (1) failing to release White immediately on sentencing; and/or (2) setting conditions for White's supervised release, including the requirement for White to attend the Daily Reporting Center, which ultimately led to revocation of White's probation and

5

his re-incarceration. (*See* ECF No. 1 at PageID 4.) White made a similar argument before the Court of Criminal Appeals:

> [] [White] contends that his pretrial jail credit totaled at least 312 days, which was enough to complete his sentence of eleven months, twenty-nine days at seventy-five percent release eligibility; therefore, he should have been released on probation when he was sentenced on May 6, 2019. [White] further alleges that instead of being released on probation, he continued to be held in jail for seven days and then was "[taken] back before the court and resentence[d] to still attend the Day Reporting Center." According to [White], the trial court found that he violated the terms of the Day Reporting Center program, revoked his probation, and ordered that he serve the remainder of his six-year sentence in confinement. [White] asserts that because he should not have been in the Day Reporting Center program in the first place, we should reverse the trial court's revocation of his probation and place him back on probation.

*State v. White*, 2022 WL 557281, at *2 (alterations other than those inserting White's name are in original). The Court of Criminal Appeals dismissed White's appeal because White had not appealed the trial court's revocation of his probation and did not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(b). *Id.*

Any § 1983 claim by White against Judge Morgan in his judicial capacity fails as a matter of law.

It is well settled that judges in the performance of their judicial functions are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993).

6

To the extent White's claims against Judge Morgan are supported by factual allegations, those claims are based on Judge Morgan's rulings, orders, and sentencing decisions during White's criminal proceedings. Those acts of Judge Morgan were within the scope of his judicial functions and are entitled to absolute immunity. White's claims under § 1983 against Judge Morgan are barred by judicial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### B.     Long Has Immunity For Executing Judge Morgan's Order

White's sole allegation against Long is that Long detained White according to the terms of Judge Morgan's orders. (*See* ECF No. 1 at PageID 4.) The plausible inference from White's complaint is that White alleges Long violated White's constitutional rights by detaining White. It is unclear, but irrelevant, whether White is alleging the wrongful detention occurred: (1) after White's sentencing hearing on May 6, 2019 (*see State v. White*, 2022 WL 557281, at *2 (White's argument before the Court of Criminal Appeals was that he should have been released on May 6, 2019)); (2) at any time before White was actually released on probation (with conditions) on May 13, 2019 pursuant to the Suspension Order and the Judgment Order (*see id.* (White remained in jail until May 13, 2019)); or (3) when White was reincarcerated after his probation had been revoked on July 22, 2020 (*see id.*, at *1).

Officers who are executing an order issued by a judicial officer who has absolute immunity, also have absolute immunity for the mere execution of the order. *Sharp v. Kelsey*, 918 S. Supp. 1115, 1121 (W.D. Mich. 1996) (citing *Martin v. Bd. Of County Comm'rs*, 909 F.2d 402, 404 (10th Cir. 1990)). Enforcement or execution of a court order is so intrinsically integral to the judicial process that quasi-judicial immunity extends to officials who execute the court order. *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994). Those officials must be able to rely on the judicial

7

officer's findings without the threat of incurring liability. *Id.* at 848; *see also Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000) (officials who detained persons while executing a temporary restraining order are entitled to absolute immunity for their role in executing the restraining order); *Sharp*, 918 F. Supp. At 1121, 1123-24 (officers had absolute immunity for merely executing judge's order to take attorney into custody upon a finding of criminal contempt, but officers may be subject to an Eighth Amendment claim for excessive use of force for the manner in which the officers executed the order); *Webb v. Greene County Sheriff's Office*, 494 F. Supp. 2d 779, 789 (S.D. Ohio 2007) (officers executing a search warrant have quasi-judicial immunity if the warrant is facially valid, but not if the warrant is facially invalid).

For purposes of resolving White's claims, his allegations against Long are construed as claims based on Long's holding White in custody at the Madison County Jail pursuant to judicial orders issued in White's criminal proceedings. Long has quasi-judicial immunity for executing those orders. White's claims under § 1983 against Long are barred by quasi-judicial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

**C.     Epperson Is Not A State Actor**

White's sole allegation against Epperson is that he "knew all well the situation". (ECF No. 1 at PageID 4.) The plausible inference from White's complaint is that Epperson violated White's constitutional right to due process by failing to argue on White's behalf against the terms of Judge Morgan's rulings and orders.

Public defenders are not state actors who can be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Tingley v. City of Grand Rapids*, 107 F. App'x 510, 512 (6th Cir. 2004) (attorneys

8

cannot be sued under § 1983 "for acts performed while representing their client"); *see also* Tenn Code Ann. § 8-14-109 (public defenders have immunity from state law negligence claims). White alleges that Epperson should not have represented him. Epperson cannot be sued under § 1983 for his actions in the course of representing White.

White's § 1983 claim against Epperson is barred because Epperson is not a state actor who can be sued under § 1983. For that reason, White's claims against Epperson are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## IV.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court denies leave to amend the complaint because amendment would be futile.

9

## V.     APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court considers whether an appeal by White would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the reasons the Court dismisses White's complaint against the defendants for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by White would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If White appeals, he must pay the full appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## VI.    NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of White's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

**VII. CONCLUSION**

For the reasons set forth above:

    A.    The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in its entirety for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

    B.    Leave to amend the complaint is DENIED.

    C.    The Court CERTIFIES that an appeal would not be taken in good faith.

    D.    The Court DENIES leave to proceed *in forma pauperis* on appeal.

    E.    This case is DISMISSED in its entirety.

IT IS SO ORDERED this 23rd day of February, 2024.

                */s/ Samuel H. Mays, Jr.*
                SAMUEL H. MAYS, JR.
                UNITED STATES DISTRICT JUDGE